# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| MICHELLE PORTER, | ) |
| Plaintiff. | ) |
| vs. | ) CAUSE NO: 1:22-CV-02131-TWP-MJD |
| FRANCISCAN ALLIANCE INC., d/b/a FRANCISCAN HEALTH INDIANAPOLIS, | ) |
| Defendant. | ) |

## ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

Defendant Franciscan Alliance, Inc., d/b/a Franciscan Health Indianapolis ("Franciscan"), by counsel, for its Answer and Affirmative Defenses to the *Complaint and Jury Trial Demand* [ECF No. 1] ("Complaint") filed by Plaintiff Michelle Porter ("Porter"), states as follows:

## INTRODUCTION

1. This is an action brought by Ms. Porter against Franciscan, her current employer. Ms. Porter brings this action against Franciscan for violations of Title VII of the Civil Rights Act of 1964, as amended ("Title VII").

**ANSWER:** No answer is required to this introductory paragraph, but to the extent one is, Franciscan admits that the action is brought pursuant to Title VII but denies the remainder of the allegations in the above "Introduction."

## PARTIES

2. At all times relevant, Ms. Porter has been a resident of Marion County, Indiana.

**ANSWER:** Franciscan is without sufficient knowledge to admit or deny the allegations in Paragraph 2 of the Complaint and, therefore, denies all allegations.

3. Franciscan's principal office address is 1515 W. Dragoon Trail, Mishawaka, IN 46544.

**ANSWER:** Franciscan admits the allegations contained in Paragraph 3 of the Complaint.

4. Franciscan operates at a number of different locations, including at a medical facility located at 811 South Emerson Avenue, Indianapolis, IN 46237 (the "Indianapolis Location"). At all relevant times, Ms. Porter has been employed by Franciscan and works at the Indianapolis Location.

**ANSWER:** Franciscan admits that Franciscan Health Indianapolis is located at 811 South Emerson Avenue, Indianapolis, IN 46237 and admits that Porter is currently employed at that location. Franciscan is without sufficient knowledge to admit or deny the remaining allegations in Paragraph 4 of the Complaint and, therefore, denies all remaining allegations.

## JURISDICTION AND VENUE

5. This Court has jurisdiction under 28 U.S.C. § 1331.

**ANSWER:** Franciscan admits the allegations in Paragraph 5 of the Complaint.

6. The alleged discriminatory acts were committed within the jurisdiction of the United States District Court for the Southern District of Indiana, Indianapolis Division.

**ANSWER:** Franciscan is without sufficient knowledge to admit or deny the allegations in Paragraph 6 of the Complaint and, therefore, denies all allegations.

7. The alleged discriminatory acts arose in Marion County, Indiana. Marion County is located in the Southern District of Indiana; thus, this cause of action is properly venued in the Southern District of Indiana under 28 U.S.C. § 1391(b), which allows for an action to be brought

in the district where the Defendant resides or in which the cause of action arose.

**ANSWER:** Franciscan is without sufficient knowledge to admit or deny the allegations in Paragraph 7 of the Complaint and, therefore, denies all allegations.

## ADMINISTRATIVE PROCEDURES

8. On March 21, 2022, Ms. Porter timely filed a *Charge of Discrimination* with the Indianapolis District of the Equal Employment Opportunity Commission ("EEOC").

**ANSWER:** Franciscan admits that Porter filed a Charge of Discrimination with the Indianapolis District of the Equal Employment Opportunity Commission, but denies the remaining allegations contained in Paragraph 8 of the Complaint.

9. On August 4, 2022, the EEOC issued a *Determination and Notice of Rights*, giving Ms. Porter ninety (90) days to commence legal action.

**ANSWER:** Franciscan admits the allegations in Paragraph 9 of the Complaint.

10. This action is being initiated within ninety (90) days of Ms. Porter's receipt of the *Determination and Notice of Rights*. A true and correct copy of the *Determination and Notice of Rights* is attached hereto as **Exhibit A**.

**ANSWER:** Franciscan is without sufficient knowledge to admit or deny the allegations in Paragraph 10 of the Complaint and, therefore, denies all allegations.

## FACTUAL ALLEGATIONS

11. Ms. Porter has been employed with Franciscan since October 2008.

**ANSWER:** Franciscan admits that Porter began her employment in October 2008, but denies the remaining allegations in Paragraph 11 of the Complaint.

12. Currently, Ms. Porter is a CAT scan technician at Franciscan's Indianapolis Location.

**ANSWER:** Franciscan denies the allegations in Paragraph 12 of the Complaint.

13. At all relevant times, Ms. Porter has reported directly to Cheryl Chandler ("Chandler"), CT Supervisor.

**ANSWER:** Franciscan admits that Porter's current supervisor is Cheryl Chandler but denies the remaining allegations in Paragraph 13 of the Complaint.

14. Chandler, in turn, reports to Amy White ("White"), Radiology Manager.

**ANSWER:** Franciscan admits the allegations in Paragraph 14 of the Complaint.

15. Ms. Porter is a Caucasian female who is married to an African American man.

**ANSWER:** Franciscan is without sufficient knowledge to admit or deny the allegations in Paragraph 15 of the Complaint and, therefore, denies all allegations.

16. Ms. Porter and her husband have bi-racial children together.

**ANSWER:** Franciscan is without sufficient knowledge to admit or deny the allegations in Paragraph 16 of the Complaint and, therefore, denies all allegations.

17. Chandler is a Caucasian female and is married to a Caucasian man.

**ANSWER:** Franciscan admits that Chandler is married to a Caucasian man but denies the remaining allegations in Paragraph 17 of the Complaint.

18. Chandler and her husband have Caucasian children.

**ANSWER:** Franciscan denies the allegations in Paragraph 18 of the Complaint.

19. Title VII protects individuals who are members of a protected class, and also forbids discrimination on the basis of association with a protected party.

**ANSWER:** Franciscan admits that Title VII speaks for itself but denies that Porter is

entitled to any relief thereunder.

20. White is also a Caucasian female.

**ANSWER**: Franciscan admits the allegations in Paragraph 20 of the Complaint.

21. In June 2020, Ms. Porter and Chandler had a conversation regarding Ms. Porter's and Chandler's differing views of the Black Lives Matter protests.

**ANSWER**: Franciscan denies the allegations in Paragraph 21 of the Complaint.

22. Chandler is aware that Ms. Porter's husband is African American, and their children are bi-racial.

**ANSWER**: Franciscan admits the allegations in Paragraph 22 of the Complaint.

23. Ms. Porter informed Chandler that she was going to participate in a doctor-organized peaceful protest titled "White Coats for Black Lives" in support of her husband and children.

**ANSWER**: Franciscan denies the allegations in Paragraph 23 of the Complaint.

24. Chandler informed Ms. Porter that she was "sick and tired of it all" meaning she was tired of hearing about protests and Black Lives Matter.

**ANSWER**: Franciscan denies the allegations in Paragraph 24 of the Complaint.

25. After the June 2020 Black Lives Matter conversation between Ms. Porter and Chandler, Chandler and Franciscan have treated Ms. Porter differently by discriminating against her, subjecting her to a hostile work environment, and retaliating against her.

**ANSWER**: Franciscan denies the allegations in Paragraph 25 of the Complaint.

26. For example, Chandler began requiring Ms. Porter to follow certain policies that she did not require other employees to follow.

**ANSWER**: Franciscan denies the allegations in Paragraph 26 of the Complaint.

27. In January 2021, Chandler provided Ms. Porter with a poor score on her performance evaluation.

**ANSWER:** Franciscan is without sufficient knowledge to admit or deny the allegations in Paragraph 27 of the Complaint and, therefore, denies all allegations.

28. Ms. Porter reported the discrimination, harassment, and retaliation to Franciscan Human Resources Department ("HR").

**ANSWER:** Franciscan admits that Porter made an HR complaint on February 10, 2021 against Ms. Chandler alleging that Ms. Chandler was retaliating against her. Franciscan denies the remainder of the allegations in Paragraph 28 of the Complaint.

29. HR deemed Chandler's discriminatory, harassing, and retaliatory actions as "poor decision-making."

**ANSWER:** Franciscan denies the allegations contained in Paragraph 29 of the Complaint.

30. Chandler was not disciplined.

**ANSWER:** Franciscan admits that Ms. Chandler was not disciplined after this unsubstantiated HR complaint.

31. In April 2021, Ms. Porter and Chandler attempted to participate in Franciscan's EAP Mediation process.

**ANSWER:** Franciscan admits that both Porter and Ms. Chandler participated in individual EAP appointments and then a mediation together but is without sufficient knowledge to admit or deny the remaining allegations in Paragraph 31 of the Complaint and, therefore, denies all remaining allegations.

32. The EAP Mediator stated that the Mediation was not successful as Chandler "felt confronted and overwhelmed."

**ANSWER:** Franciscan admits the allegations in Paragraph 32 of the Complaint.

33. Chandler's discriminatory, harassing, and retaliatory actions stopped for a while after Ms. Porter's complaint but began again in January 2022.

**ANSWER:** Franciscan denies the allegations in Paragraph 33 of the Complaint.

34. On January 26, 2022, Chandler provided Ms. Porter with two (2) write-ups at the same time.

**ANSWER:** Franciscan admits the allegations in Paragraph 34 of the Complaint.

35. Chandler did not write up other employees for the same reasons as she wrote Ms. Porter up.

**ANSWER:** Franciscan denies the allegations in Paragraph 35 of the Complaint.

36. On January 27, 2022, Ms. Porter filed another complaint of discrimination, retaliation, and harassment with HR.

**ANSWER:** Franciscan admits that Ms. Porter filed an HR complaint against Ms. Chandler on January 27, 2022 and that such complaint was for Ms. Chandler allegedly "treating [Porter] unfairly, almost harassment." Franciscan denies the remaining allegations in Paragraph 36 of the Complaint.

37. On February 14, 2022, Chandler provided Ms. Porter a third write up in an attempt to force Ms. Porter to resign.

**ANSWER:** Franciscan admits that Porter received a Corrective Action regarding her attendance on February 14, 2022, but denies the remaining allegations contained in Paragraph 37 of the Complaint.

38. On March 2, 2022, Chandler denied Ms. Porter's PTO/vacation for June 2022 request without explanation. Six (6) other Franciscan co-workers requested PTO for June 2022

and Ms. Porter's was the only individual to be denied. Chandler would not allow any other employees to cover Ms. Porter's shifts so that she could use PTO. After one individual cancelled her PTO, Chandler still denied Ms. Porter's request.

**ANSWER:** Franciscan denies the allegations contained in Paragraph 38 of the Complaint.

39. Ms. Porter filed a Charge of Discrimination with the Equal Employment Opportunity Commission on March 17, 2022.

**ANSWER:** Franciscan admits that the Equal Employment Opportunity Commission received Porter's Charge of Discrimination on March 21, 2022 but is without sufficient knowledge to admit or deny the remaining allegations in Paragraph 39 of the Complaint and, therefore, denies all remaining allegations.

40. On April 7, 2022, Ms. Porter requested PTO for April 12, 2022, for an EAP therapy appointment.

**ANSWER:** Franciscan admits that Porter submitted a Time-Off request on April 7, 2022 requesting PTO for April 12, 2022, but is without sufficient knowledge to admit or deny the remaining allegations in Paragraph 40 of the Complaint and, therefore, denies all remaining allegations.

41. Chandler ignored Ms. Porter's April 7, 2022 request.

**ANSWER:** Franciscan denies the allegations in Paragraph 41 of the Complaint.

42. As a result, Ms. Porter had to cancel her EAP appointment and resubmit her PTO request.

**ANSWER:** Franciscan is without sufficient knowledge to admit or deny the allegations in Paragraph 42 of the Complaint and, therefore, denies all allegations.

43. Chandler then texted Ms. Porter stating she could not approve the request as it was

too late of notice, and anything requested less than forty-eight (48) hours in advance is at the discretion of the supervisor.

**ANSWER:** Franciscan admits that Chandler text Porter that she could not approve her request but denies the remainder of Paragraph 43 of the Complaint.

44. Ms. Porter was scheduled to attended EAP meetings on February 23, 2022; March 8, 2022; March 23, 2022; April 5, 2022; and May 25, 2022, however, she missed some because Chandler refused to approve Ms. Porter's PTO.

**ANSWER:** Franciscan is without sufficient knowledge to admit or deny the allegations in Paragraph 44 of the Complaint and, therefore, denies all allegations.

45. Due to the continued harassment, retaliation, and discriminatory behavior, Ms. Porter felt she had no option other than to take a medical leave of absence.

**ANSWER:** Franciscan denies the allegations in Paragraph 45 of the Complaint.

46. Ms. Porter's medical leave of absence took place from June 6, 2022, to July 29, 2022. She had to exhaust all of her paid time off and the remainder of her medical leave was unpaid.

**ANSWER:** Franciscan is without sufficient knowledge to admit or deny the allegations in Paragraph 46 of the Complaint, and therefore, denies all allegations.

47. Since returning to work, the discrimination, harassment and retaliation have continued.

**ANSWER:** Franciscan denies the allegations in Paragraph 47 of the Complaint.

48. On August 1, 2022, at 7:00 am Ms. Porter returned to the Indianapolis Location.

**ANSWER:** Franciscan admits the allegations in Paragraph 48 of the Complaint.

49. Chandler became angry that Ms. Porter returned, claiming that no one had informed

her that Ms. Porter would be returning that day.

**ANSWER**: Franciscan denies the allegations in Paragraph 49 of the Complaint.

50. Chandler refused to take Ms. Porter's return-to-work paperwork from her doctor.

**ANSWER**: Franciscan denies the allegations contained in Paragraph 50 of the Complaint.

51. Chandler sent Ms. Porter home before 9:00 am on August 1, 2022.

**ANSWER**: Franciscan denies the allegations contained in Paragraph 51 of the Complaint.

52. On August 2, 2022, Chandler aggressively demanded Ms. Porter choose a holiday to work as Ms. Porter missed her scheduled holiday while on her leave of absence.

**ANSWER**: Franciscan admits that Chandler asked Porter to choose a holiday to work since Porter has missed her scheduled holiday while on leave, but denies the remaining allegations in Paragraph 52 of the Complaint.

53. Chandler then slapped a post-it note on the counter in front of Ms. Porter and informed her that the post-it note contained her on-call dates.

**ANSWER**: Franciscan admits that Chandler gave Porter a post-it note that contained her on-call date for the month of August, but denies the remaining allegations in Paragraph 53 of the Complaint.

54. One on-call date was eight (8) days away, August 10, 2022.

**ANSWER**: Franciscan admits the allegations in Paragraph 54 of the Complaint.

55. Franciscan policy requires that employees be notified thirty (30) days in advance of any on-call dates.

**ANSWER**: Franciscan denies the allegations in Paragraph 55 of the Complaint.

56. August 10, 2022 was Ms. Porter's regularly scheduled shift.

**ANSWER**: Franciscan admits the allegations contained in Paragraph 56 of the Complaint.

57. Ms. Porter was on the August 10, 2022, schedule for 7:00 am-3:30 pm and then again from 11:00 pm to 7:00 am. Chandler stated that this worked for the department's schedule.

**ANSWER:** Franciscan admits that Porter was scheduled from 7:00 a.m. until 3:30 p.m. on August 10, 2022 and then was asked to pick up the 11:00 p.m. to 7:00 a.m. shift on August 10, 2022. Franciscan denies the remaining allegations in Paragraph 57 of the Complaint.

58. On August 4, 2022, Chandler scheduled Ms. Porter to work Labor Day and to be on call for Thanksgiving and Christmas.

**ANSWER:** Franciscan admits that Porter was scheduled to work on Christmas earlier in the year and that Porter selected Labor Day as the replacement shift for the scheduled holiday she missed while on leave. Franciscan also admits that on August 4, 2022, Porter was added to the Thanksgiving call shift. Franciscan denies the remaining allegations in Paragraph 58 of the Complaint.

59. On August 22, 2022, Ms. Porter informed HR that being sent home on August 1 was another example of Chandlers retaliatory, discriminatory, and harassing behavior. However, HR was not interested in hearing from Ms. Porter.

**ANSWER:** Franciscan admits that on August 22, 2022 Porter contacted HR to make another complaint, but denies the remainder of the allegations in Paragraph 59 of the Complaint.

60. Chandler scheduled Ms. Porter to be on call on her birthday, September 14, 2022, even though she does not schedule other employees to be on call on their birthdays.

**ANSWER:** Franciscan admits Porter was scheduled to be on call on September 14, 2022 but denies the remaining allegations in Paragraph 60 of the Complaint.

61. On October 31, 2022, Chandler gave Ms. Porter a final notice write-up for a patient complaint that Ms. Porter had only scanned out and was not involved in any of the behavior the

patient complained of.

**ANSWER:** Franciscan admits that Ms. Chandler issued a Corrective Action to Porter on October 31, 2022 but denies the remaining allegations in Paragraph 61 of the Complaint.

62. As a result of Chandler's and Franciscan's retaliatory, discriminatory, and harassing behavior, Ms. Porter has attended no less than fifteen (15) therapy sessions since June 21, 2022.

**ANSWER:** Franciscan denies the allegations in Paragraph 62 of the Complaint.

## COUNT I
### (*Title VII – Race Discrimination*)

63. All preceding paragraphs are incorporated herein by reference.

**ANSWER:** Franciscan incorporates its responses to Paragraphs 1 through 62 as if fully restated in their entirety.

64. As set forth above, Franciscan engaged in intentional race discrimination against Ms. Porter in the terms and conditions of her employment in violation of Title VII including both race-based hostile work environment and race-based disparate treatment because of her association with her husband who is African American and her children who are bi-racial.

**ANSWER:** Franciscan denies the allegations in Paragraph 64 of the Complaint.

65. Franciscan intentionally caused infringement of Ms. Porter's rights pursuant to Title VII.

**ANSWER:** Franciscan denies the allegations in Paragraph 65 of the Complaint.

66. Franciscan's unlawful discriminatory acts caused Ms. Porter to suffer economic damages as well as emotional distress and physical distress.

**ANSWER:** Franciscan denies the allegations in Paragraph 66 of the Complaint.

67. Franciscan acted with malice and/or reckless indifference to Ms. Porter's rights, entitling her to an award of punitive damages.

**ANSWER:** Franciscan denies the allegations in Paragraph 67 of the Complaint.

68. Franciscan is liable to Ms. Porter for emotional distress and other compensatory damages, lost wages and benefits, punitive damages, prejudgment interest, post judgment interest, and attorneys' fees and costs.

**ANSWER:** Franciscan denies the allegations in Paragraph 68 of the Complaint.

## COUNT II
### (*Title VII – Retaliation*)

69. All preceding paragraphs are incorporated herein by reference.

**ANSWER:** Franciscan incorporates its responses to Paragraphs 1 through 68 as if fully restated in their entirety.

70. Franciscan retaliated against Ms. Porter in the terms and conditions of her employment on the basis of her protected activities, in violation of Title VII.

**ANSWER:** Franciscan denies the allegations in Paragraph 70 of the Complaint.

71. Franciscan intentionally caused infringement of Ms. Porter's rights pursuant to Title VII.

**ANSWER:** Franciscan denies the allegations in Paragraph 71 of the Complaint.

72. Franciscan's unlawful discriminatory acts caused Ms. Porter to suffer economic damages as well as emotional distress and physical distress.

**ANSWER:** Franciscan denies the allegations in Paragraph 72 of the Complaint.

73. Franciscan acted with malice and/or reckless indifference to Ms. Porter's rights, entitling her to an award of punitive damages.

**ANSWER:** Franciscan denies the allegations in Paragraph 73 of the Complaint.

74. Franciscan is liable to Ms. Porter for emotional distress and other compensatory damages, lost wages and benefits, punitive damages, prejudgment interest, post judgment interest, and attorneys' fees and costs.

**ANSWER:** Franciscan denies the allegations in Paragraph 74 of the Complaint.

## AFFIRMATIVE DEFENSES

1. Porter has failed to state a claim upon which relief may be granted.

2. Porter is barred from recovery to the extent the claims alleged in the Complaint are broader than the allegations of the Charge of discrimination that Porter filed with the EEOC, and thus to the extent Porter has failed to exhaust her administrative remedies.

3. Porter is barred from recovery to the extent the claims alleged in the Complaint occurred after the filing of her Charge of discrimination with the EEOC, and thus Porter has failed to exhaust her administrative remedies as to any instances that occurred after March 17, 2022.

4. Porter is barred from recovery because any instances complained of by Porter in her Complaint were not the result of discrimination or in retaliation for engaging in a protected activity. Franciscan's actions towards Porter were made without regard to Porter's race or the race of her family members and were not in retaliation for engaging in a protected activity.

5. Franciscan has legitimate non-discriminatory reasons for all actions it took with respect to Porter's employment.

6. Even if the trier of fact were to determine that discriminatory and/or retaliatory motives or reasons played any part in any employment decisions or actions regarding Porter, which Franciscan denies, such decisions or actions would have been taken in any event for legitimate, non-discriminatory, and non-retaliatory reasons.

7. Porter's claims are barred under the doctrine of estoppel and/or unclean hands.

8. Porter's claims are barred, in whole or in part, by the doctrine of after-acquired evidence.

9. Porter has failed to reasonably mitigate her damages, thus barring, or reducing her recovery.

10. Franciscan denies all allegations of the Complaint to which no response was given.

11. Franciscan gives notice that it reserves the right to raise any other defenses that may become available or apparent as this case proceeds.

**WHEREFORE**, Franciscan, by counsel, prays Porter take nothing by way of her Complaint, that judgment be entered in Franciscan's favor and against Porter, for the costs of this action, and for all other relief just and proper in the premises.

Respectfully submitted,

Dated: January 17, 2023   By:   Elizabeth M. Roberson, Atty. No. 34097-64
Amy J. Adolay, Atty. No. 23147-49
KRIEG DEVAULT LLP
12800 N. Meridian Street, Suite 300
Carmel, IN 46032
Telephone: (317) 238-6342
(317) 238-6330
Facsimile: (317) 636-1507
Email: eroberson@kdlegal.com
aadolay@kdlegal.com

*Counsel for Defendant Franciscan Alliance, Inc.*

KD_14214824_5.docx